Tueley, J.
delivered the opinión of the court.
The question for determina ion is, whether a plea in abatement, alleging that one of the grand jurors who returned the presentment, was neither a freeholder nor householder of the county, is a good plea. Pleas in abatement are construed with great strictness, and are not favored jn law. To this plea there are two objections, 1st, That it is not necessary that a juror should be a freeholder of the county, it being sufficient if he he a freeholder of the state. 2d. That he' *528 need not be a freeholder of the state if he be the owner of occupancy.
The act 0f 1779, c 6, § 4, provides, “that if the county court shall fail or neglect to nominate freeholders to serve as jurors, or the persons nominated shall fail to attend, it shall and may be lawful for such court to order and direct the sheriff to summon other freeholders of the bystanders to serve as jurors.” This is the first statute concerning the qualification of jurors, which makes it necessary that they be freeholders, but does not confine it to the lands of the county. The act of 1809, c 119, § 2, makes “every male citizen, being a householder, and arrived at the age of twenty-one years, a legal and qualified grand or petit juror in all cases, except those in which the venue has been changed.” The act of 1825, c 82, § 2, provides, that in “all case's where a change of venue may be had, when a jury of freeholders cannot be had to try the same, a jury of householders shall be held and deemed competent to try such causes.” The act of 1835, c 6, § 8, provides “that the jurors summoned by the order of the eoünty court to attend the circuit courts, shall be freeholders, ownGrs of occupancy’s, or householders, and twenty-one years of age.”
These are all the statutes, regulating the general qualifications of jurors, from which it is seen, that the freehold or occupancy qualification is not confined to the county. And this court has no disposition, if it had the power, so to limit it.
The plea in abatement then is bad for both reasons assigned, for although the juror may not have been a freeholder of the county of Lincoln, yet, non constat, that he was not a freeholder or the owner of an occupancy in the State, either of which would constitute him a legal and qualified juror.
The court below erred then, in overruling the demurrer to the plea, and the judgment must be reversed and the case be remanded for further proceedings.
Judgment reversed.